# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2022

Lyle W. Cayce
Clerk

No. 21-50867
consolidated with
No. 21-50872
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Pascual-Miguel,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-330-1
USDC No. 4:21-CR-361-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Alejandro Pascual-Miguel appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1),

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50867 c/w
No. 21-50872

along with the revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Pascual-Miguel contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Pascual-Miguel acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Pascual-Miguel has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Pascual-Miguel is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Pascual-Miguel's motion is GRANTED, and the district court's judgment is AFFIRMED.